UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

ALI MUSTAFA, EL-KURDI                               NUMBER 09-156-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 2, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS	CRIMINAL ACTION

ALI MUSTAFA, EL-KURDI	NUMBER 09-156-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by petitioner Ali Mustafa, El-Kurdi. Record document number 29. The United States of America filed an opposition.[1]

**Procedural History**

Petitioner entered a guilty plea to one count possession with intent to distribute Oxycodone, Diazapam, and Alprazolam in violation of 21 U.S.C. § 841(a)(1). On July 23, 2010, the petitioner was sentenced to time served. The court also ordered a three year term of supervised release. Petitioner was subsequently transferred to the custody of the Immigration and Customs Enforcement.

Petitioner signed his motion on March 12, 2011, and it was filed on March 25, 2011. Petitioner raised a single ground for relief: he was denied effective assistance of counsel.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

**Applicable Law and Analysis**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution

---

[1] Record document number 38.

or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Petitioner argued that he was denied effective assistance of counsel when counsel failed to inform him of the direct consequences of entering a guilty plea. Specifically, the petitioner argued that he had no knowledge that his guilty plea could affect his immigration status.

To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. To meet the prejudice

prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986). Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense." *United States v. Diaz,* 733 F.2d 371, 376 (5th Cir.1984) (quoting *Diaz v. Martin,* 718 F.2d 1372, 1379 (5th Cir. 1983)).

Petitioner has not come forward with any evidence to establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In his Sentencing Memorandum, the petitioner acknowledged that he is an illegal alien subject to deportation to Lebanon as a result of this conviction.[2] During sentencing, the petitioner was clearly informed "that this plea can serve as a basis for your being removed from this country, or deported from this country." Petitioner stated that he understood.[3]

In his Counter Response to United States' Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence[4] petitioner acknowledged that while "going through Court proceedings" he was aware "that the plea would have adverse consequences on my Immigration status" which "was already bad (I was out-of-status)."[5] Petitioner argued that

---

[2] United States' exhibit II, p. 1.

[3] *Id.*

[4] Record document number 39.

[5] *Id.* at 1.

when he sought assurance from counsel that there was a possibility for him to adjust his status, counsel recommended that he consult an immigration attorney.[6]

Here, the petitioner was aware that deportation was a possible consequence of his criminal conviction and he was so informed by the court. Petitioner did not argue that counsel provided him false assurance that his conviction would not result in his removal from this country. Even assuming that counsel was deficient, there is no reasonable probability that had counsel advised the petitioner that deportation was a possible consequence of his criminal conviction, he would have not pleaded guilty and would have instead gone to trial.[7]

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed in Baton Rouge, Louisiana, on August 2, 2011.

                                            **MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] *Id.* at 2.

[7] Petitioner does not claim that he did not commit the crime of which he was convicted. Nor does the petitioner argue that the government would not have been able to prove that he committed the crime charged in the indictment.